# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| ROBERT WASHINGTON, | Civil No.   09cv2601-DMS (PCL) |
|---|---|
| Petitioner, | |
| v. | **ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING CASE WITHOUT PREJUDICE** |
| DOMINGO URIBE, Warden, et al., | |
| Respondents. | |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. He has also filed a request to proceed in forma pauperis which reflects a $162.54 balance in his prison trust account. The filing fee associated with this type of action is $5.00. See 28 U.S.C. § 1914(a).

It appears Petitioner can pay the requisite filing fee. Accordingly, the Court **DENIES** the request to proceed in forma pauperis, and **DISMISSES** the case without prejudice for failing to satisfy the filing fee requirement.

This action is also subject to dismissal because Petitioner has not alleged exhaustion of his state court remedies. Federal habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal

1  habeas petition. 28 U.S.C. § 2254(b), (c); Granberry, 481 U.S. at 133-34. Moreover, to properly
2  exhaust state court remedies a petitioner must allege, in state court, how one or more of his or
3  her federal rights have been violated. The Supreme Court in Duncan v. Henry, 513 U.S. 364
4  (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of
5  prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting
6  claims under the United States Constitution." Id. at 365-66 (emphasis added). For example,
7  "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him
8  [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say
9  so, not only in federal court, but in state court." Id. at 366 (emphasis added).

10  Nowhere in the Petition does Petitioner allege that he raised his claims in the California
11  Supreme Court. In fact, he specifically indicates he did not seek review of his claims in the
12  California Supreme Court. (See Pet. at 11.) If Petitioner has raised his claims in the California
13  Supreme Court he must so specify. The burden of proving that a claim has been exhausted lies
14  with the petitioner. Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

15  Moreover, the Court notes that Petitioner presents claims regarding the conditions of his
16  confinement. Petitioner alleges that most of his legal property was improperly confiscate by
17  prison officials, and although half of his property was returned to him, the other half remains in
18  storage, and he alleges he is being denied access to that property in retaliation for helping other
19  inmates with their legal work. (Pet. at 4a-4d.) He requests the Court to declare the actions of
20  the prison officials to be unconstitutional, and to order his release from custody unless he is
21  granted access to his property and paid monetary damages. (Id. at 4d-4e.)

22  Challenges to the fact or duration of confinement are brought by petition for a writ of
23  habeas corpus, pursuant to 28 U.S.C. § 2254; challenges to conditions of confinement are
24  brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. See Preiser v. Rodriguez, 411 U.S.
25  475, 488-500 (1973). When a state prisoner is challenging the very fact or duration of his
26  physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate
27  release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas
28  corpus. Id. at 500. On the other hand, a § 1983 action is a proper remedy for a state prisoner

who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody. Id. at 499; McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811-12 (10th Cir. 1997). Monetary damages are not an available remedy in a habeas action. Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Preiser, 411 U.S. at 493. It appears that Petitioner may wish to present his claims in a complaint pursuant to 42 U.S.C. § 1983, which authorizes the recovery of monetary damages for constitutional violations, and generally does not require exhaustion of state court remedies. Patsy v. Board of Regents, 457 U.S. 496, 507 (1982).

## CONCLUSION

Based on the foregoing, the Court **DISMISSES** this case without prejudice for failure to satisfy the filing fee requirement and failure to allege exhaustion of state court remedies. If Petitioner wishes to proceed with this habeas action, he must satisfy the filing fee requirement **and** file a First Amended Petition which cures the defects identified in this Order **on or before January 11, 2009.** Petitioner is cautioned that if he has failed to allege exhaustion of his state court remedies with respect to his claims on or before January 11, 2009, and still wishes to pursue his claims through habeas corpus in this Court, he will be required to file a new habeas petition which will be given a new civil case number. The dismissal is also without prejudice to Petitioner to file a separate civil rights Complaint pursuant to 42 U.S.C. § 1983, if he wishes, which will be given a separate civil case number.

**IT IS SO ORDERED.**

DATED: November 30, 2009

_____
HON. DANA M. SABRAW
United States District Judge

CC: ALL PARTIES